IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

MARIA PERRONE
7112 N Pennsylvania
Kansas City, MO 64118

    Plaintiff,

              Case No.  14-732

vs.

**Synchrony Bank aka GE Credit Retail Bank**
serve:
Synchrony Bank
Attn.: Any officer
170 West Election Road, Ste 125
Draper, UT 84020

**EQUIFAX INFORMATION SERVICES, LLC**
serve:
CSC-Lawyers Incorporating Service Company
221 Bolivar Street
Jefferson City, MO 65101

    Defendants.

# COMPLAINT

COMES NOW Plaintiff Maria Perrone, by and through her undersigned counsel, who for her Complaint against Synchrony Bank, formerly known as GE Credit Retail Bank ("GECRB"), and Equifax Information Services, LLC, states as follows:

1

## CASE SUMMARY

1. Ms. Perrone discovered that her Equifax consumer credit report contains a false, negative entry referencing her former GECRB credit account. Ms. Perrone provided Equifax, who in turn provided GECRB, with undeniable proof that the information reported was inaccurate. Despite this knowledge, Equifax continued to report inaccurate information provided to them by GECRB.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under the Fair Credit Reporting Act ("**FCRA**"), 15 U.S.C. § 1681 and generally under 28 U.S.C. §§ 1331 and 1337. The events took place in this District.

## PARTIES AND SERVICE

3. Maria Perrone resides in Kansas City, Jackson County, Missouri. She is a "consumer" as defined by FCRA, 15 U.S.C. § 1681a(c).

4. Defendant Equifax is a corporation defined as consumer reporting agency by the FCRA, 15 U.S.C. § 1681a (f).

5. Defendant Equifax may be served at their registered agent: CSC – Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101.

6. Defendant GECRB can be served to any officer at their corporate headquarters located at 170 West Election Road, Ste 125, Draper UT 84020.

7. Defendant GECRB provides credit accounts to consumers.

8. Subsequently, GECRB transmits information to consumer reporting agencies regarding the status and condition of the consumer credit accounts.

9. As such, Defendant GECRB is as a furnisher under the FCRA, 15 U.S.C. § 1681.

## FACTUAL ALLEGATIONS

10. In December 2008, Ms. Perrone filed for chapter 13 bankruptcy relief in the Western District of Missouri, case number 08-45141.

11. At the time of filing, Ms. Perrone had a credit account with GECRB.

12. GECRB was included in Ms. Perrone's bankruptcy schedules.

13. Ms. Perrone's chapter 13 bankruptcy was discharged in February 2014.

14. In May 2014, Ms. Perrone reviewed her credit reports.

15. Upon review of her Equifax credit report, Ms. Perrone found that GECRB was still reporting a balance owed of $3,500.

16. In an attempt to resolve this error, Ms. Perrone mailed a dispute letter to Equifax requesting a re-investigation of the GECRB account.

17. The dispute letter details the GECRB account number listing the $3,500 balance.

18. The bankruptcy case summary and notice of bankruptcy filing were included in with the dispute letter.

19. As required under the FCRA, Equifax notified GECRB of Ms. Perrone's dispute.

20. The results of Equifax's re-investigation were produced on June 10, 2014.

21. Equifax verified the balance owed on the GECRB account to be $3,500.

22. Both Defendants failed to review and consider the relevant information submitted by Ms. Perrone.

23. Both Defendants failed to conduct a reasonable reinvestigation in response to Ms. Perrone's dispute letter concerning her GECRB account.

24. As a result of the Defendants' actions, Ms. Perrone suffered actual damages, including:

    a. Damage to her credit rating;

    b. Cost of postage and certified mail in the amount of $3.79;

    c. Hindrance to ability to enjoy her fresh start;

    d. Lost time, stress, aggravation, frustration and inconvenience;

## CLAIMS FOR RELIEF

### COUNT I - VIOLATION OF THE FCRA, 15 U.S.C § 1681, *et seq*. (GECRB)

25. Ms. Perrone incorporates by reference each and every prior paragraph of this Complaint.

26. Under the FCRA, after receiving notice of Ms. Perrone's dispute, GECRB is required to investigate the accuracy of the consumer's account.

27. GECRB failed to review and consider all relevant information submitted by Ms. Perrone, and failed to conduct a genuine and reasonable reinvestigation.

28. Therefore, GECRB incorrectly verified that Ms. Perrone's account had an outstanding balance of $3,500.

29. A minimally reasonable reinvestigation of Ms. Perrone's account would have discovered the error of reporting a $3,500 outstanding balance discharged in the bankruptcy.

30. GECRB's failure to conduct a reasonable investigation upon the receipt of Ms. Perrone's dispute constitutes a willful violation of the FCRA.

31. Under the FCRA, Ms. Perrone is entitled to the greater of actual damages or statutory damages; punitive damages; costs and reasonable attorneys' fees.

## COUNT II - VIOLATION OF THE FCRA, 15 U.S.C § 1681, *et seq*. (Equifax)

32. Ms. Perrone incorporates by reference each and every prior paragraph of this Complaint.

33. As a credit reporting agency, Equifax is aware that a charge account discharged in bankruptcy should be reported with a zero balance.

34. Equifax failed to maintain reasonable procedures to ensure the maximum possible accuracy of the reported consumer credit information.

35. Further, Equifax failed to review and consider all relevant information submitted by Ms. Perrone, and failed to conduct a genuine and reasonable reinvestigation.

36. If Equifax would have conducted even a minimally reasonable reinvestigation of Ms. Perrone's account, they would have updated the account to properly reflect Ms. Perrone's outstanding balance as zero.

37. Equifax's failures to both maintain procedures to ensure accuracy and conduct a reasonable investigation when disputed constitute a willful violation of the FCRA.

38. Under the FCRA, Ms. Perrone is entitled to the greater of actual damages or statutory damages; punitive damages; costs and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Maria Perrone respectfully requests this Court award the following:

        A.    the greater of actual or statutory damages;

        B.    punitive damages against Defendant GECRB;

        C.    punitive damages against Defendant Equifax;

        D.    attorneys' fees and costs of this action;

        E.    such other relief as may be deemed just and proper;

## **DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

Respectfully Submitted by:

Patton & Knipp, LLC

By: */s/ Ryan D. Knipp*
Ryan D. Knipp #58782
Ryan B. Patton #78155
12760 W 87th St Pkwy, Suite 108
Lenexa, KS 66215
Phone: (913) 495-9998
Fax: (888) 720-1985
rknipp@pattonknipp.com
rpattton@pattonknipp.com

**COUNSEL FOR PLAINTIFF**